**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADOLPHUS MCNEIL,** | : | **No. 3:12cv362** |
| **Petitioner** | : | **No. 3:09cr320** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Before the court is Petitioner Adolphus McNeil's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This matter is fully briefed and ripe for disposition.

**Background**

Petitioner Adolphus McNeil (hereinafter "petitioner") was indicted on six criminal counts by a grand jury in the United States Court for the Middle District of Pennsylvania on April 22, 2008. (Doc. 13 in 3:08cr161). Count I accused petitioner of engaging in a conspiracy to distribute and possession with intent to distribute in excess of one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count II charged petitioner with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by possessing marijuana with intent to distribute. Count III alleges that petitioner used a communications facility in the commission of a felony under the Controlled Substances Act in violation of 21 U.S.C. § 843(b). Count IV charged petitioner with possession of a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Count V

contended that petitioner violated 18 U.S.C. § 924(c) and 18 U.S.C. § 2 by using a firearm in furtherance of drug trafficking crimes.  Count VI sought forfeiture of property used in the alleged crimes pursuant to 21 U.S.C. § 853.

In January 2009, a grand jury charged petitioner in a superseding indictment with the same crimes, but the date of the conspiracy was expanded to include the time between October 2005 and April 12, 2008. (Doc. 52 in 3:08cr161).  A second superseding indictment was entered on May 19, 2009, and this indictment changed the conspiracy dates to "[b]eginning in or about January of 1996, and continuing to on or about April 12, 2008 . . . ."  (Doc. 75 in 3:08cr161).  On May 28, 2009, petitioner was arraigned and pled not guilty to the second superseding indictment.  (Doc. 81 in 3:08cr161).

Petitioner's trial was scheduled for September 29, 2009.  (Doc. 83 in 3:08cr161).  On September 16, 2009, petitioner, through Attorney Nandakumar Palissery, his counsel at the time, moved to have the indictment dismissed with prejudice based upon an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*  (Doc. 97 in 3:08cr161).  On September 24, the court granted petitioner's motion to dismiss and dismissed the indictment without prejudice.  (Doc. 104 in 3:09cr161).

On October 13, 2009, another grand jury in the United States District Court for the Middle District of Pennsylvania returned a six-count indictment

2

against petitioner.  (Doc. 1 in 09cr320).[1]  This indictment charged petitioner

with essentially the same offenses as were contained in the second

superseding indictment filed on May 19, 2008.  Attorney Hervery B. O. Young

of the Federal Public Defenders Office was appointed on November 4, 2009

to represent petitioner with respect to the criminal charges contained in the

October 13, 2009 indictment.  (Doc. 10).  On the same day Attorney Young

was appointed to his case, petitioner entered a plea of not guilty to the

charges contained in the indictment.  (Doc. 11).

    In anticipation of trial, Attorney Young filed seven pre-trial motions

seeking the following:  (1) to suppress statements petitioner made to the

authorities; (2) to preclude the testimony of the government's fingerprints

expert; (3) for the early disclosure of Jencks Act material; (4) for the

disclosure of the identities of the confidential witnesses and the disclosure of

any exculpatory evidence; (5) for the disclosure of the government's intention

to rely on evidence of prior crimes and bad acts; (6) for the disclosure of the

government's expert witness's credentials; and (7) for the suppression of

physical evidence allegedly obtained without a valid search warrant.  (Docs.

19-23, 33, 48).

    In a January 5, 2010 memorandum and order, the court ruled as follows

with respect to petitioner's pre-trial motions: (1) an evidentiary hearing was

---

[1] All further citations to the docket, unless otherwise noted, are to docket
number 3:09cr320.

scheduled on January 7, 2010 on petitioner's motion to suppress alleged statements,[2] (2) the court granted petitioner's motion to disclose exculpatory evidence and the government's expert witness's credentials, and (3) the court denied the remainder of petitioner's pre-trial motions.  (Doc. 41).  On January 7, 2010, the court held an evidentiary hearing with respect to the suppression motions, after which the court denied both of petitioner's motions.  (See Doc. 89).  On January 11, 2010, one day before his trial was scheduled to begin, petitioner sought a continuance.  (Doc. 64).  The court denied this request, (Doc. 65), and held a three-day jury trial.  On January 14, 2010, the jury returned a guilty verdict against petitioner with respect to Counts I and II of the indictment, and the jury found for the government with respect to Count VI–the criminal forfeiture count.  (Docs. 80, 81).  On April 15, 2010, the court sentenced petitioner to 60 months in prison to be followed by three years of supervised release.  (Doc. 97).

Petitioner appealed his conviction to the Third Circuit Court of Appeals. (Doc. 98).  Petitioner raised two issues on appeal.  First, petitioner contended that this court erred in denying his motion to suppress on the basis that we erroneously determined that he was not in custody.  See United States v.

---

[2] The court did not address the motion to suppress physical evidence in the January 5, 2012 memorandum and order because that motion was filed on January 6, 2012.  The court nonetheless agreed to hear evidence pertaining to petitioner's motion to suppress physical evidence at the January 7, 2012 evidentiary hearing.

McNeil, 416 F. App'x 227, 228 (3d Cir. 2011).  Second, petitioner argued that this court abused its discretion by dismissing his original indictment without prejudice.  See id.  The Third Circuit Court of Appeals affirmed our decisions and denied petitioner's appeal.  Id. at 230.  Petitioner filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on February 27, 2012.  (Doc. 119).  The government filed a brief in opposition to the petition, (Doc. 124); thus, bringing this case to its current posture.

**Legal Standard**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final,[3] move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  In a Section 2255 motion, a federal prisoner may attack his sentence on any of the following grounds:  "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."  28 U.S.C. § 2255(b).

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for Section 2255 motions.  28 U.S.C. § 2255(f).  That period generally runs from "the date on which the judgment of conviction becomes final."  Id.  A petitioner's judgment becomes final when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expires.  See Clay v. United States, 537 U.S. 522, 525 (2003).

Section 2255, however, does not afford a remedy for all errors that may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  Rather, Section 2255 permits habeas relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)).  If the court determines that the sentence was not authorized by law, was unconstitutional, or otherwise open to collateral attack, the court must either vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate.  See 28 U.S.C. § 2255(b).  Conversely, a court may dismiss a Section 2255 motion where the record shows conclusively that the movant is not entitled to relief.  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

A prisoner's pro se pleading is construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).  A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear that he is not entitled to relief.[4]

---

[4] Section 2255 specifically provides as follows:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues

6

## Discussion

Petitioner brings this collateral attack on his sentence of 60 months for his felony conviction under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.  Petitioner presents three grounds in support of his assertion that he is being held in violation of the Constitution and laws of the United States. First, petitioner asserts that his Sixth Amendment rights were violated as a result of the ineffective assistance of Attorney Palissery, who represented petitioner with respect to docket number 3:08cr161.  (Doc. 119, Pet. Mot. to Vacate at 5).  Second, petitioner avers that his Sixth Amendment rights were violated as a result of the ineffective assistance of Attorney Young, who represented petitioner with respect to docket number 3:09cr320.  (Id. at 6). Third, petitioner claims that the court abused its discretion when we denied his motion to continue the trial to retain a counsel of his choice.  (Id. at 7). The court will address each of petitioner's grounds for relief in turn.

### A.  Ineffective Assistance of Counsel

The first two grounds for relief listed in petitioner's motion to vacate assert that his Sixth Amendment rights were violated because of the ineffective assistance provided by his attorneys.  The Supreme Court has found that "'the right to counsel is the right to the effective assistance of

and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)).  Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.

To prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors.  "First, the defendant must show that counsel's performance was deficient."  Id. at 687.  Satisfying the first factor requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny.  See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689).  This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id.  In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that,

8

but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 422 U.S. at 694). "'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693).

Relief is only available to defendants who make adequate showings with respect to both factors of the Strickland test.  See Strickland, 466 U.S. at 686. Accordingly, "'to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the Strickland test, deficient counsel and prejudice to the defense.'" Campbell, 515 F.3d at 183 (quoting Wells v. Petsock, 941 F.2d 253, 559-60 (3d Cir. 1991)).

Petitioner contends that both Attorney Palissery and Attorney Young's performance fell below the minimum standards articulated in Strickland. Petitioner presents three arguments in support of his ineffective assistance claim regarding Attorney Palissery, who represented petitioner with respect to the first indictment (docket number 3:08cr161).  Petitioner presents four arguments in support of his ineffective assistance claim regarding Attorney Young, who represented petitioner with respect to the second indictment (criminal docket number 3:09cr320).  The court will assess petitioner's

9

arguments as they pertain to each attorney.

### 1.  Arguments Regarding Attorney Palissery

Petitioner's arguments regarding Attorney Palissery lack clarity and appear to involve the motion to dismiss Attorney Palissery filed with respect to the Speedy Trial Act.  As will be further explained, the court finds no merit with the three arguments plaintiff raises with respect to Attorney Palissery. Accordingly, plaintiff's first ground for habeas relief–his ineffective assistance of counsel claim against Attorney Palissery–will be denied.

### Argument 1

Petitioner first argues that Attorney Palissery provided constitutionally defective representation because he "fail[ed] to raise the speedy trial act violation promptly and because counsel had egregiously failed to notice the speedy trial act violation when it first expired in October 2008."  (Doc. 119-1, Mem. of Law in Supp. of Mot. to Vacate (hereinafter "Pet'r's Br.") at 6). Petitioner contends that this alleged error resulted in unfair procedures and prevented the record from reflecting how he was prejudiced.

The court will deny petitioner relief with respect to this argument. Petitioner essentially contends that his counsel failed to file a motion to dismiss under the Speedy Trial Act as quickly as he would have preferred, and that this failure resulted in unspecified and ambiguous prejudice. However, it is not certain that Attorney Palissery's representation of petitioner was deficient to such a degree that he failed to function as defendant's

"counsel" as guaranteed by the Constitution.  Attorney Palissery filed a motion to dismiss under the Speedy Trial Act, albeit almost eleven months after the speedy trial clock expired.  (See Doc. 97 in 3:08cr161, Mot. to Dismiss).  This motion was granted and the indictment was dismissed without prejudice. (See Doc. 104 in 3:08cr161, Mem. & Order dated Sept. 24, 2009 (hereinafter "Speedy Trial Op.")).

It is ultimately irrelevant whether the timing of Attorney Palissery's motion to dismiss under the Speedy Trial Act was the product of a trial strategy or whether it was defective representation because neither the instant petition nor the trial record provide any indication that this alleged error deprived petitioner of a fair trial.  When deciding whether the indictment should be dismissed with or without prejudice, the court assessed "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and the administration of justice."  18 U.S.C. § 3162(a)(2).  We found that all three factors favored dismissal without prejudice.  (See Speedy Trial Op. at 6-7).  With respect to our decision to dismiss the first indictment without prejudice, the Third Circuit Court of Appeals found that "[t]he District Court identified the factors and carefully analyzed them.  Its analysis was sound, and we determine the Court acted within its discretion in dismissing the Indictment without prejudice."  See McNeil, 416 F. App'x at 229.  All else being equal, we would not have ruled

differently and dismissed the case with prejudice had Attorney Palissery noticed the expiration of the speedy trial clock earlier and been more prompt in filing the motion to dismiss.[5]

Moreover, the record does not indicate that the timing of Attorney Palissery's motion prejudiced petitioner at trial in any specific way.  Petitioner has not indicated that he was unable to present evidence or witnesses because of the delay in proceedings.  Additionally, an earlier filed motion to dismiss on speedy trial grounds would not have secured petitioner's early release from custody, rather it may have only resulted in an earlier remand to ICE custody for further proceedings.  (See Doc. 109 in 3:08cr161, Order Dated September 25, 2009).  Accepting the veracity of the allegations in petitioner's second argument, the court finds that petitioner could not present a prima facie case of prejudice if the matter proceeded to an evidentiary hearing.  Thus, petitioner cannot establish both factors of the Strickland test.

---

[5] Although we noted in our opinion dismissing the indictment that petitioner's "failure to promptly assert his speedy trial rights indicates that 'any hardships he suffered were either minimal or caused by other factors[,]'" we nonetheless relied on several other facts in holding that the balance of § 3162(a)(2) factors favored dismissal without prejudice.  (Speedy Trial Op. at 6 (quoting United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir. 1976))).  Such other facts relied on include the seriousness of the charges, the fact that the delays were caused, in part, by a change of the Assistant United States Attorney assigned to the case and the fact that petitioner could not demonstrate that he would be prejudiced at trial if he was reprosecuted.  (See id.)  A more prompt filing would not have changed the balance of these factors.

### Argument 2

Petitioner's second argument asserts that Attorney Palissery provided ineffective assistance of counsel by failing to heed petitioner's directions and file a motion to dismiss earlier in the litigation.  Petitioner specifically argues that Attorney Palissery "was, under all the circumstances, unreasonable under professional norms and there is a reasonable probability that, but for counsel (sic) unprofessional actions, the result would have been dismissal with prejudice instead of dismissal without prejudice."  (Pet'r's Br. at 7). Petitioner also references several letters attached as exhibits that purport to be petitioner's instructions for Attorney Palissery to file a motion to dismiss. (Doc. 119-1, Exs. 1-3).

As is discussed above, there is no indication that an earlier filed motion to dismiss on speedy trial grounds would result in a dismissal with prejudice as opposed to one without prejudice.  Petitioner presents no arguments or evidence that the court's analysis under the § 3162(a)(2) factors would have been different.  Furthermore, petitioner urges in his letters to Attorney Palissery that he file a motion to dismiss on the basis that there is no evidence to prosecute him.  In light of the evidence the government presented against petitioner at trial, and the fact that he was convicted by a jury, such a motion would not have been fruitful.  Thus, petitioner's second argument fails because Attorney Palissery's actions in not filing a motion to dismiss when petitioner requested did not prejudice petitioner at trial, and, like his first

13

argument, petitioner's second argument fails on the second factor of the Strickland test.

### Argument 3

In his third argument, petitioner criticizes the brief Attorney Palissery filed in support of the motion to dismiss (Doc. 98 in 3:08cr161).  Petitioner contends that Attorney Palissery "should have persuaded the court to dismiss with prejudice" and that the "motion was frivolous and without any merit." (Pet'r's Br. at 8-9).  Petitioner states that he suffered prejudice as a result of the speedy trial violation–namely that the delay resulted in a prolonged pretrial detention.  Petitioner asserts that Attorney Palissery was constitutionally deficient in failing to fully address this prejudice.

Attorney Palissery presented the following three points when arguing that the indictment should be dismissed with prejudice:

> (a) Defendant Adolphus McNeil was prejudiced by the delay in bringing him to trial in that he is a Guyanese citizen in the United States.
>
> (b) The delay in reaching trial is a per se violation of 18 U.S.C. § 3162(a)(2).
>
> (c) The defendant is materially prejudiced by the delay.

(Doc. 98 in 08cr161, Br. in Supp. of Mot. to Dismiss at 4-5).  Petitioner contends that Attorney Palissery's brief contained vague arguments and should have included a general discussion of how any prisoner suffers

prejudice from pretrial detention.[6]

The court is unswayed by petitioner's arguments.  Petitioner's Section 2255 motion and his accompanying brief do not explain how petitioner was prejudiced by the speedy trial violation beyond the most general terms.  The instant petition mentions no specific example of how petitioner was inhibited from adequately preparing for and/or presenting evidence at trial.  This is insufficient to meet both showings required by the Strickland test, specifically the second factor, which requires that the alleged errors deprive the petitioner of a fair trial.  Strickland, 466 U.S. at 687.  Attorney Palissery's error here–not drafting a longer yet still vague motion to dismiss–cannot be said to be one such error to cause an unfair trial.

Furthermore, petitioner's argument that pretrial detention causes undeniable prejudice, such as increased anxiety, drained financial resources,

---

[6] Petitioner's brief provides as follows:

Three types of prejudice can result from a prolong (sic) trial date. Oppressive pretrial incarceration, anxiety and concern of the accused possible impairment of defense.  All these are protected by the speedy trial guarantee, counsel did not even mention any of these types of prejudice.

Counsel did not mention that, because petitioner was incarcerated for over eighteen months awaiting trial the prejudice was undeniable, the restriction of his liberty and freedom of movement adversely affects his ability to assist in his defense, drains his financial resources, curtails his [associational] relation (sic), and subjects him and his family to ill repute.

(Pet'r's Br. at 8).

15

and an impaired family reputation, is nearly identical to the argument petitioner presented on direct appeal.  (<u>Compare</u> Pet'r's Br. at 8-9, <u>with</u> Br. for Appellant at 26-27 <u>United States v. McNeil</u>, 416 F. App'x 227 (2011) (No. 10-2208)).  On direct appeal, petitioner argued that such prejudice was undeniable and that the trial court should have explicitly considered it and dismissed the case with prejudice.  In the instant Section 2255 motion, petitioner presents these same arguments and contends that his counsel was ineffective for not including such arguments in his brief.  These arguments failed to persuade the Third Circuit Court of Appeal and they similarly fail to persuade this court.  An attorney is not constitutionally deficient for omitting generic arguments applicable to anyone who is held in detention for 24 days in excess of the speedy trial limit.

For the reasons stated above, the court finds that petitioner failed to show that Attorney Palissery's performance was deficient and that alleged deficient performance prejudiced petitioner's ability to present a defense. Petitioner is not entitled to relief with respect to his ineffective assistance of counsel claims with regard to Attorney Palissery.

## 2.  Arguments Regarding Attorney Young

The fourth, fifth, sixth and seventh arguments raised by petitioner involve his second ground for relief–the alleged ineffective assistance provided by Attorney Young.  The fourth, fifth and sixth arguments involve Attorney Young's handling of pretrial motions, and the seventh argument

concerns the adequacy of Attorney Young's pretrial investigation.  An examination of each argument reveals that petitioner's ineffective assistance of counsel claim against Attorney Young lacks merit and must be denied.

**Argument 4**

Petitioner contends that Attorney Young was deficient for failing to consult with him prior to filing his pretrial motions.  Petitioner asserts that, "had counsel consulted with petitioner before filing pretrial motions, petitioner would have insisted that counsel file a motion to suppress illegally obtained evidence, along with the motions that he filed on December 17, 2009." (Pet'r's Br. at 10-11).  Petitioner implies that he suffered some kind of prejudice simply because the motion to suppress was filed on January 6, 2010, one day prior to the January 7, 2010 evidentiary hearing.  Petitioner insinuates that this vague prejudice would have been ameliorated had the motion been filed twenty days earlier.  The court disagrees.

Even if it is assumed that Attorney Young erred in not heeding his client's instructions regarding the timing of certain pretrial motions, petitioner fails to clearly state the prejudice he endured as a result of this alleged error. Thus, this argument fails to satisfy both factors of the Strickland test. Moreover, the implication that the court would have granted the motion to suppress physical evidence had Attorney Young filed it on December 17, 2009 instead of January 6, 2010 is not supported by the record.  Attorney Young's motion to suppress physical evidence was discussed at length during

17

the January 7, 2010 evidentiary hearing.  The court carefully considered the merits of the motion in question, as is evidenced by our January 19, 2010 Memorandum (Doc. 89).  Therefore, the fourth argument will be denied as it is one in which the conclusory allegations of the prisoner's petition are unsupported by specifics and contradictory to the record as a whole.  See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (reiterating that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir.1988))).

### Argument 5

Petitioner's fifth argument also concerns Attorney Young's decision to file the motion to suppress physical evidence on January 6, 2010 as opposed to December 17, 2009, when petitioner allegedly requested that the motion be filed.  Petitioner alleges that he was surprised that the court considered the motion to suppress physical evidence at the January 7, 2010 hearing given the fact that the motion was filed the day before.  Petitioner argues that, due to this expedited hearing schedule, two critical witnesses, Colleen McDaniel and Steve McNeil, were unable to testify.  Petitioner argues that the suppression motion would have been granted had Attorney Young filed the suppression motion earlier and had Attorney Young been able to secure the

testimony of these witnesses.[7]  Petitioner contends that Colleen McDaniel and

Steve McNeil would have testified that they never provided the police with

consent to search their home.[8]  Petitioner does not allege, with any degree of

specificity, any other valuable testimony these witnesses would have

provided.

As the court noted above, Attorney Young filed a motion to suppress

physical evidence three weeks after petitioner demanded that he do so.  Filing

a motion later than your client would have preferred is not, in and of itself,

---

[7] Petitioner also asserts that his attorney and the prosecutor
"bombarded" him with a plea agreement on January 6, 2010.  (Pet'r's Br. at
11).  Petitioner alleges that "[Attorney Young] and prosecutor were so anxious
for petitioner to plea, . . . [Attorney Young] did not file a motion to suppress
the illegally obtained evidence that petitioner had requested since the third
week of December 2009, because if suppression is (sic) granted there would
be no need for petitioner to take the plea."  (Id.)  Petitioner's allegation that his
attorney withheld filing a suppression motion to coerce him into entering into a
guilty plea is conclusory and unsupported by the record.  As such, the court
will not consider the portions of petitioner's fifth argument that allege that
Attorney Young withheld filing motions out of some vague form of malice.
See Thomas, 221 F.3d at 437 (citing Dawson, 857 F.2d at 928).

[8] Petitioner specifically alleges as follows with respect to the testimony
the court would have heard had he been able to call these witnesses:

> These witnesses would have testified that (she) Colleen McDaniel
> never invited officers into her home as they claimed, and that
> officers force (sic) their way into her home with guns drawn and
> she never give (sic) consent to search, and officers were
> searching the home before they got a warrant, nor did Steve
> McNeil give consent.

(Pet'r's Br. at 13).

outside the broad spectrum of constitutionally acceptable attorney conduct. Furthermore, petitioner does not assert that the motion was defective because of its content, petitioner only alleged that the motion was not filed when he requested and, as a result, witnesses were not able to testify at the hearing.  It is not evident that Attorney Young's decision to hold off on filing the suppression motion was constitutionally defective, and a deeper examination of his motives for doing so may reveal that filing the suppression motion on January 6, 2010 was a part of a legitimate trial strategy.  Such a deeper examination into whether Attorney Young's performance was constitutionally defective is ultimately unnecessary.  The alleged error of filing the suppression motion on January 6, 2010 caused petitioner no prejudice at trial as the testimony petitioner desired to present would not have resulted in the suppression of any evidence.

Assuming the veracity of petitioner's allegations–that Colleen McDaniel and Steve McNeil would have established that the police did not have their consent to search 90 Penn Avenue had the motion to suppress been filed three weeks earlier–the court nonetheless finds that the motion to suppress would have been denied.  As the court noted in our opinion on the motion to suppress, "[t]he evidence does not indicate that Defendant Adolphus McNeil resided at [90 Penn Ave.] or ever spent any time there."  (Doc. 89, Mem. & Order dated Jan. 19, 2010 at 16 n.2).  The court further recognized that the exclusionary rule is only applicable when the person attempting to invoke it

20

has a legitimate expectation of privacy in the invaded space, and we found

that "[n]o evidence presented here indicates that defendant had a legitimate

expectation of privacy in his brother's home."  (Id. (citing Minnesota v. Carter,

525 U.S. 83, 88 (1998))).  Thus, petitioner's fifth argument, if allowed to

proceed, cannot satisfy the second Strickland factor as plaintiff cannot

establish that this alleged error deprived him of a fair trial.

### Argument 6

In his sixth ineffective assistance of counsel argument, petitioner

contends that Attorney Young erred in not objecting to the admission of the

copies of the search warrants for 90 Penn Avenue and 97 Metcalf Street.

Petitioner asserts that the search warrants for these properties were missing

an official seal.  Petitioner argues that Attorney Young was constitutionally

deficient for failing to object to the admission of such documents into

evidence.

The court addressed the validity of the search warrants in our opinion

on the motion to suppress.  (Doc. 89, Mem. & Order dated Jan. 19, 2010 at

22).  The court found that evidence presented at our evidentiary hearing

indicates that the original search warrants were sealed.  (Id.)  Furthermore,

the court noted that, even if the original warrants were not sealed, they would

nonetheless be valid pursuant to current Pennsylvania rules, which only

require that "[e]ach search warrant be signed by the issuing authority . . . ."

PA. R. CRIM. P. 205.  Petitioner's argument concerning the validity of the

search warrant is little more that an attempt to re-litigate issues already

decided by the court, and the court finds that his arguments in this regard are

without merit.

### Argument 7

In the seventh and final ineffective assistance of counsel argument,

petitioner contends that Attorney Young failed to conduct an adequate pretrial

investigation and, as a result, provided constitutionally defective

representation.  The only specific allegations petitioner makes with respect to

Attorney Young's allegedly inadequate pretrial investigation is that he "never

contacted or interview (sic) any of the residents that live at 90 Penn Ave,

Kingston, PA to get the facts surrounding the entry and search of 90 Penn

Ave, Kingston, Pa to verified (sic) weither (sic) a search was done before

officers got a warrant."  (Pet'r's Br. at 15).  The remainder of petitioner's

seventh argument consists of conclusory allegations concerning Attorney

Young's investigation as well as arguments repetitious of the ones discussed

above regarding the timing of the motion to suppress.

Petitioner does not specifically mention what witnesses Attorney Young

erred in failing to investigate.  Petitioner does not state what testimony these

uninvestigated witnesses would have provided.  The Third Circuit has held

that vague allegations, such as these, do not warrant further investigation.

See Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991) (finding that

an evidentiary hearing is not required "absent identification of some facts that

support a contention of ineffectiveness, because to do so will encourage meritless petitions burdening judicial resources." (citing <u>Strickland</u>, 466 U.S. at 690)); <u>Dawson</u>, 857 F.2d at 928 (finding that a federal prisoner was not entitled to an evidentiary hearing on a claim of ineffective assistance of counsel premised on defense counsel's alleged failure to call or interview prospective witnesses because the prisoner failed to indicate their proposed testimony beyond vague statements); <u>see also</u> <u>Flagg v. Wynder</u>, No. 07-2175, 2008 WL 861498, at *7 (E.D. Pa. Mar. 27, 2008) (holding that defense counsel was not constitutionally ineffective for failing to conduct an investigation when petitioner did "not indicate[] how the evidence he wanted his counsel to uncover would have affected the outcome of the trial.").

Even if the court were to assume that Steve McNeil and Colleen McDaniel were the witnesses referenced by petitioner, as these were the two witnesses identified elsewhere in the petitioner's brief, the court nonetheless finds that petitioner's seventh ineffective assistance of counsel argument has no merit.  As is discussed above, there is no indication that petitioner had a legitimate expectation of privacy in the 90 Penn Avenue home.  As such, petitioner's ineffective assistance claim is again impaled on the second <u>Strickland</u> factor as he has not identified facts that would indicate that he suffered prejudice at trial as a result of Attorney Young's alleged lack of an investigation.

**B.  Denial of Petitioner's Motion to Continue**

Petitioner's final argument attacks his conviction on Sixth Amendment grounds.  In this argument, petitioner alleges that the court violated his right to counsel by denying petitioner's motion to continue the trial to obtain new counsel.  Petitioner also alleges that the court violated Federal Rule of Criminal Procedure 44(c), and that the court somehow erred in citing to the Third Circuit case of United States v. Kikumura, 947 F.2d 72, 78 (3d Cir. 1991).  The record indicates that petitioner's contentions regarding our denial of his motion to continue are without merit, and the court will accordingly deny petitioner's third ground for relief.

On January 11, 2010, the day before trial was scheduled to begin, petitioner filed a motion to continue the jury trial to retain new counsel.[9]  (Doc. 64, Mot. To Continue).  The court denied this motion after finding that petitioner lacked good cause to seek new counsel at such a late stage in the proceedings.  (Doc. 65, Order dated Jan. 11, 2010).  In our order denying petitioner's request for a continuance, the court found that Attorney Young ably represented petitioner.  (Id.).  Attorney Young was appointed on November 4, 2009.  (Doc. 10, Order dated Nov. 4, 2009).  Pretrial motions were due on November 24, 2009, and Attorney Young initially sought an

---

[9] Petitioner sought to hire new defense counsel despite the fact that he filed an affidavit in November 2009 indicating that he had no employment, no income, no assets and five dependents.  (Doc. 9).

Case 3:09-cr-00320-JMM   Document 125   Filed 08/08/12   Page 25 of 28


extension of time; however, he withdrew the motion at petitioner's request to proceed with the case.  (Doc. 17, Mot. To Withdraw Document).  As is discussed above, Attorney Young proceeded with the case and filed several pretrial motions.

The record does not indicate that petitioner was unhappy with his court appointed counsel prior to the January 7, 2010 suppression hearing. Petitioner evidently told Attorney Young that he was dissatisfied with the hearing and that he wanted to retain new counsel.  (See Doc. 64, Mot. To Continue ¶ 5).  Petitioner attempted to retain Attorney Carlos A. Martir, who entered his appearance on January 10, 2010 at 10:04 p.m., less than two days prior to the scheduled start of the trial.  (Doc. 57, Notice of Appearance). Attorney Martir withdrew as petitioner's attorney on January 11, 2010 to avoid the appearance of any conflict of interest.[10]  After carefully reviewing the record, the court found that the interests of the effective administration of criminal justice outweighs petitioner's interest in a continuance on the eve of trial. (Doc. 65, Order dated Jan. 11, 2010).

To the extent that petitioner asserts that the court committed trial errors in denying his continuance, the court finds that these claims are procedurally

---

[10] Attorney Martir also represented petitioner's brother, Steve McNeil, in a criminal case based on the same underlying facts as petitioner's case. Steve McNeil pled guilty, and, as a part of the plea agreement, he agreed to cooperate with the government and provide information concerning the unlawful activities of others.

defaulted.  Except for ineffective assistance of counsel claims, which are properly brought in the first instance pursuant to Section 2255, "'claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.'"  United States v. Serrano, 798 F. Supp. 2d 634, 641 n.7 (E.D. Pa. 2011) (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)).  Petitioner has shown no cause or prejudice to justify raising alleged trial errors in this collateral appeal.

In the interest of completeness, the court nonetheless notes that the decision to deny petitioner a continuance did not create a fundamental defect that inherently resulted in a complete miscarriage of justice.  The court found that Attorney Young ably represented the defendant through the pretrial phases of the case.  (Doc. 65, Order dated Jan. 11, 2010).  The court specifically found as follows: "[d]efense counsel performed as well as he could with the facts of this case.  Defendant is unreasonable to expect anything more.  Thus, defendant being dissatisfied with counsel's performance at the hearing is not good cause for seeking new counsel."  (Id.)  The court applied the three factored test announced in United States v. Kikumura, 947 F.2d 72 (3d Cir. 1991), and found that, in light of petitioner's lack of good cause, the efficient administration of justice outweighs the defendant's interest in a continuance at this late date.  (Id.)

The standard articulated in Kikumura has been applied by courts within the Third Circuit in cases similar to the instant matter.  See, e.g., United

26

States v. Johnson, No. 08-146, 2009 WL 1803182, at *2 (D. Del. June 24, 2009) (holding that a continuance is not warranted under the Kikumura factors, even if denying the continuance would deny the defendant of his expert of choice); United States v. Benson, No. 04-cr-493, 2006 WL 2520612, at *8 (E.D. Pa. Aug. 22, 2006) (holding that a new trial was not warranted because the court properly denied the defendants request for a continuance to replace court-appointed counsel on the eve of trial).

Petitioner appears to assert that the court somehow violated his Sixth Amendment and due process rights by rejecting his last minute request to fire his able court-appointed attorney and hire a new attorney of his choosing. (Pet'r's Br. at 17). The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel. The Sixth Amendment, however, "does not guarantee criminal defendants an absolute right to counsel *of their choice*." Kikumura, 947 F.2d at 78 (emphasis in original). Accordingly, petitioner is not entitled to relief with respect to his claim that the court violated his Sixth Amendment rights by denying his motion to continue.

**Conclusion**

For the reasons stated above, the court will deny petitioner's motion. An appropriate order follows.

27

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADOLPHUS MCNEIL,** | : | **No. 3:12cv362** |
| **Petitioner** | : | **No. 3:09cr320** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## ORDER

**AND NOW**, to wit, this 8th day of August 2012, Petitioner Adolphus

McNeil's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 119) is

hereby **DENIED**.  The Clerk of Court is directed to close case number

3:12cv362.  Based upon the reasoning in the accompanying memorandum,

we decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c) and

3d Cir. LAR. 22.

                                        **BY THE COURT**


                                         **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**